United States District Court
Southern District of Texas
**ENTERED**
November 08, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SETH BLACKWELL and BRENNAN SHORT, | § § § | |
| *Plaintiffs,* | § | C.A. NO. 4:19-cv-02311 |
| v. | § § | |
| LILIS ENERGY, INC., | § § § | |
| *Defendant.* | § | |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel for Plaintiffs Seth Blackwell and Brennan Short ("Plaintiffs") and Defendant Lilis Energy, Inc. ("Lilis Energy") (each a "Party" and, collectively, the "Parties"), having agreed to a protective order governing the exchange and disclosure of certain materials and information as part of this lawsuit pending before the United State District Court for the Southern District of Texas, Houston Division (the "Court"), C.A. No. 4:19-cv-02311 (the "Lawsuit"), and the Court being advised by the Parties in good faith that certain documents contain confidential and proprietary information and that the production and disclosure of such documents and information should be subject to the terms and conditions of this Agreed Protective Order ("Protective Order"), it is therefore ORDERED THAT:

1.      Each Party to this Protective Order may designate any document or information, or portion thereof, disclosed through formal discovery in this Lawsuit, including but not limited to demands for production of documents, information revealed in an interrogatory answer, or testimony in deposition, hearing, or trial, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Any document or testimony relating to matters that a producing Party deems in good faith to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be designated as such

either at the time of production or after its production in the manner set forth in paragraph 7. In the event that a video or audio recording is so designated, the device or medium—including but not limited to any video cassette, audio cassette, hard drive, CD-ROM, or jump drive—containing said recording shall be affixed with a label marked with the word "CONFIDENTIAL."

2.      Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by any Party to this Protective Order shall not be disclosed to anyone other than those Qualified Persons described in paragraphs 5 and 6 and, in any event, shall not be used for any purpose other than in connection with the preparation, trial, appeal, or settlement of this Lawsuit, the New York Lawsuit, or the Texas Lawsuit, except by order of the Court after motion duly made and served upon all Parties to this Protective Order. Under no circumstances may Confidential Material or Attorneys' Eyes Only Information be used for any non-Lawsuit related purpose or in any other matter, controversy, mediation, arbitration, or litigation now pending or later filed other than the Lawsuit or the Parties' other litigation styled *Lilis Energy, Inc. v. Brennan Short*, No. 653547/2018 pending before the Supreme Court of the State of New York, County of New York (the "New York Lawsuit") and *Seth Blackwell v. Lilis Energy, Inc.*, No. 2018-41512 pending before the District Court of Texas, Harris County, 334th Judicial District (the "Texas Lawsuit").

3.      "Confidential Material" shall be any information or material a Party or third party believes in good faith to contain confidential personal, commercial, financial, operational, or business information, including but not limited to trade secrets, confidential or proprietary financial information, operational data, well logs and other well data, business plans, competitive analysis, accounting information and records, revenue and cost information.

4.      "Attorneys' Eyes Only Information" shall be information or documents the Party believes in good faith constitutes a trade secret. The failure to designate documents as "ATTORNEYS' EYES ONLY" shall not be considered a waiver of trade secret status. The Parties

will attempt in good faith to use this designation as little as possible, but this Order in no way limits the Parties' ability to designate any and all appropriate documents, materials, and information as "ATTORNEYS' EYES ONLY," subject to the non-designating Party's right to challenge the designation pursuant to this Order.

5.      Disclosure of material designated as "CONFIDENTIAL" shall be limited to the following Qualified Persons:

5.1     The Parties in this Lawsuit;

5.2     The Parties' counsel of record in this Lawsuit, the New York Lawsuit, or the Texas Lawsuit who are engaged in the preparation of this Lawsuit, the New York Lawsuit, or the Texas Lawsuit for hearing or settlement, including their associates, clerks, paralegals, in-house investigators, stenographic personnel, and such other regular and temporary employees who assist counsel in the conduct of this Lawsuit, the New York Lawsuit, or the Texas Lawsuit including employees of any firm or litigation support vendor retained to reproduce the discovery material for use in accordance with this Protective Order;

5.3     The Court and its presiding Judge, staff attorneys, secretaries, clerks, and stenographic personnel in connection with the trial and all hearings in this Lawsuit, the New York Lawsuit, or the Texas Lawsuit as well as any appellate court and appellate court staff in accordance with the terms of this Protective Order;

5.4     Independent stenographic court reporters and videographers retained by the Parties, or by any of them, in connection with depositions taken as discovery in this Lawsuit, the New York Lawsuit, or the Texas Lawsuit in accordance with the terms of this Protective Order;

5.5     To a mediator, retained by the Parties in connection with working towards a settlement of the claims in this Lawsuit, the New York Lawsuit, or the Texas Lawsuit;

5.6     Independent potential and actual expert witnesses, technical consultants, investigators who need to be consulted by counsel, so long as such individuals read this Protective Order in advance of disclosure and agree in writing to be bound by the terms of this Protective Order through the execution of the Confidentiality Agreement Regarding the Handling of "Confidential" Information form attached hereto as Exhibit A (the "Agreement"); and

5.7     Employees of the Parties, in the discretion of such counsel, in preparation of the Lawsuit, the New York Lawsuit, or the Texas Lawsuit for hearing or settlement, provided such individuals read this Protective Order in advance of disclosure and agree in writing to be bound by the terms of this Protective Order through the execution of the Agreement attached as Exhibit A.

5.8     Any individual who authored the document or prior to litigation was copied on the document, as evidenced in or on a distribution list associated with the document, or was the intended recipient of the document provided that such individuals read this Protective Order in advance of disclosure and agree in writing to be bound by the terms of this Protective Order through the execution of an Agreement attached as Exhibit A.

The signed Agreements shall be preserved or turned over to any Party to this Protective Order upon request with reasonable notice. Agreements signed by consultant experts that will not be designated for trial need not be disclosed.

6.      Attorneys' Eyes Only Information may only be disclosed to the following Qualified Persons:

6.1     The Parties' counsel of record in this Lawsuit, the New York Lawsuit, or the Texas Lawsuit who are engaged in the preparation of this Lawsuit, the New York Lawsuit, or the Texas Lawsuit for hearing or settlement, including their associates, clerks, paralegals, in-house investigators, stenographic personnel, and such other regular and temporary employees who assist counsel in the conduct of this Lawsuit, including employees of any firm or litigation support vendor retained to reproduce the discovery material for use in accordance with this Protective Order;

6.2     The Court and its presiding Judge, staff attorneys, secretaries, clerks, and stenographic personnel in connection with the trial and all hearings in this Lawsuit, the New York Lawsuit, or the Texas Lawsuit, as well as any appellate court and appellate court staff in accordance with the terms of this Protective Order;

6.3     Independent stenographic court reporters and videographers retained by the Parties, or by any of them, in connection with depositions taken as discovery in this Lawsuit the New York Lawsuit, or the Texas Lawsuit, in accordance with the terms of this Protective Order; and

6.4     Independent potential and actual expert witnesses, technical consultants, investigators who need to be consulted by counsel, so long as such individuals read this Protective Order in advance of disclosure and agree in writing to be bound by the terms of this Protective Order through the execution of the Confidentiality Agreement Regarding the Handling of "Confidential" Information form attached hereto as Exhibit A (the "Agreement").

7.      To be accorded protection under this Protective Order, all Confidential Material, must be visibly marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In lieu of marking the original of a document or exhibit, the producing Party may mark the copy that is produced or exchanged.

8.      Deposition testimony concerning Confidential Material or Attorneys' Eyes Only Information may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" during the deposition but no later than 5 days after the designating Party's receipt of the final transcript by identifying the specific page(s) and line number(s) that contain Confidential Material or Attorneys' Eyes Only Information. The entire transcript shall be treated as "CONFIDENTIAL" until the time for designation expires. However, should a Party need to utilize the deposition testimony in, for example, a hearing or motion before the deadline to designate it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the Parties are permitted to do so by submitting that deposition testimony under seal. If the deposition testimony is subsequently not designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the Parties agree that the sealed testimony can then be unsealed and added to the record as supplement and will be considered timely. Each Party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that Party's possession, custody, or control.

9.      If a Party desires to designate Confidential Material it has produced as "CONFIDENTIAL" after its production, it may do so by e-mailing or mailing a letter to counsel for all Parties setting forth the Bates numbers and/or a description of the Confidential Material to be designated as "CONFIDENTIAL." The Confidential Material will be deemed to have been appropriately designated upon receipt of the letter. The Party may also designate Confidential Material it has produced relating to a non-Party as "CONFIDENTIAL" after its production by e-mailing or mailing a letter setting forth the Bates numbers and/or a description of the Confidential

Material to be designated as "CONFIDENTIAL." The Confidential Material will be deemed to have been appropriately designated upon receipt of the letter. The Party in possession of Confidential Material that has been designated by letter shall thereafter designate the Confidential Material as "CONFIDENTIAL" in the manner described in paragraph 4 of this Protective Order.

10.     Any Confidential Material or Attorneys' Eyes Only Information disclosed in connection with this Lawsuit, the New York Lawsuit, or the Texas Lawsuit that is to be lodged or filed with the Court for any purpose and that has been designated as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" including any memorandum or brief containing such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material or information, shall be lodged and marked on the outside as follows.

### CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

*This envelope [or container] contains documents which are subject to a Protective Order entered by the Court in this Lawsuit governing the use of confidential discovery material. It is not to be opened nor the contents thereof displayed or revealed except by order of the Court after notice to or by agreement of the parties.*

Provided, however, that nothing in this Order shall be construed as preventing the Court from opening any envelope marked as provided above and viewing the contents thereof.

11.     All Confidential Material or Attorneys' Eyes Only Information, including reproductions thereof, shall be retained by counsel during the pendency of this Lawsuit, except that independent experts or consultants retained by the Parties and other persons designated by agreement of counsel may have custody of Confidential Material during the pendency of this Lawsuit, but must return said materials to counsel thereafter. Within sixty (60) days following the final termination of this Lawsuit, including all appeals, all such designated material shall either be returned or destroyed at the option of the Party designating the material "CONFIDENTIAL."

12.     Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in

this Lawsuit, the New York Lawsuit, or the Texas Lawsuit. Other than precluding a Party from objecting to the furnishing of information based upon confidentiality, this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery. Nothing contained in this Protective Order shall be construed as a waiver by the Parties of any legally cognizable privilege to withhold any document or information. Nothing contained in this Protective Order shall be construed as a waiver of any Party's right to assert a privilege at any stage of the proceeding. Nothing contained in this Protective Order shall be construed to prejudice the right of any Party to oppose the admissibility or production of documents or other information on any grounds.

13.     All disputes, including whether given document(s) are appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be presented to the Court by noticed motion. Any Party desiring to challenge the designation of any document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall do so within three (3) weeks from the date such document is first produced as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or thereafter designated as such. In the event of a dispute with respect to the designation of any discovery material as "CONFIDENTIAL," counsel shall attempt to resolve the dispute on an informal basis before presenting the matter to the Court for resolution. If a resolution cannot be reached, the Party challenging the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall send a written notice to the designating Party identifying, the challenged Confidential Material or Attorneys' Eyes Only Information, stating the reasons that the designation is being challenged, and giving reasonable notice that the Party will move the Court to remove the designation of such information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Party wishing to maintain the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall have the

burden of demonstrating why the designation is appropriate for such documents. Until such time as the challenge is resolved, such Confidential Material or Attorneys' Eyes Only Information shall be maintained in accordance with this Protective Order.

14.     This Protective Order is entered without prejudice to the right of any Party to seek from the Court relief from any of its provisions.

15.     The inadvertent or unintentional production or disclosure of Confidential Material without designation as "CONFIDENTIAL" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or secrecy, either as to the specific information produced or disclosed, or as to any other information relating thereto or on the same or related subject matter. Any claim of inadvertent or unintentional production must be made within 60 days from the date that it becomes known to the disclosing Party that such Confidential Material was inadvertently produced without designation.

16.     Nothing in this order shall prevent a Party from using or disclosing its own information or documents as it deems.

17.     Nothing in this Order shall affect the right of any Party during the oral deposition of any witness or during any hearing in this proceeding to offer any document or testimony designated "CONFIDENTIAL" as evidence in this Lawsuit, the New York Lawsuit, or the Texas Lawsuit. Counsel for a Party or a non-Party witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Material or Attorneys' Eyes Only Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Material or Attorneys' Eyes Only Information is being used or discussed.

18.     In the event that Confidential Information or Attorneys' Eyes Only Information is to be disclosed during the oral deposition of any witness, or during any hearing, counsel shall

notify counsel for all Parties in advance of such intended disclosure, whether such disclosure is by document, by question of counsel, or otherwise. Prior to such disclosure, counsel shall provide the deponent or witness with a copy of this Order and the deponent or witness shall be bound hereby and shall not reveal such information to anyone or use such information for any purpose other than in accordance with this Order.

19.     This Protective Order is effective immediately.

20.     By agreement of the Parties, this Protective Order may be executed in one or more counterparts, and all of such counterparts taken together shall constitute one Protective Order.

SIGNED in Houston, Texas, on the ___**8th**___ day of ___**November**___ 2019.


_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

Dated: **November 8, 2019**

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: _/s/ G. Scott Fiddler_
    G. SCOTT FIDDLER
    Attorney-in-Charge
    Texas Bar No. 06957750
    Federal ID No. 12508
    Email: sfiddler@jw.com
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010
    Tel.: (713) 752-4217
    Fax: (713) 754-6717

    COURTNEY CARLSON
    Of Counsel
    Texas Bar No. 24065004
    Federal ID No. 1115579
    Email: ccarlson@jw.com
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010
    Tel.: (713) 752-4239
    Fax: (713) 308-4139

**ATTORNEYS FOR PLAINTIFFS,**
**SETH BLACKWELL AND BRENNAN SHORT**

**BAKER & HOSTETLER LLP**

By: _/s/ Ashlee Cassman Grant_
    Dennis P. Duffy, *attorney in charge*
    Texas Bar No. 06168900
    Federal ID No. 10502
    Ashlee Cassman Grant, *of counsel*
    Texas Bar No. 24082791
    Federal ID No. 1607786
    811 Main Street, Suite 1100
    Houston, Texas  77002-4995
    Telephone:  (713) 646-1364
    Facsimile:  (713) 751-1717
    dpduffy@bakerlaw.com
    agrant@bakerlaw.com

**ATTORNEYS FOR DEFENDANT,**
**LILIS ENERGY, INC.**

## CERTIFICATE OF SERVICE

    In accordance with the Federal Rules of Civil Procedure, I hereby certify that on November 8, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to the following:

    G. Scott Fiddler
    Courtney Carlson
    Jackson Walker L.L.P.
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010

          _/s/ Ashlee Cassman Grant_
          Ashlee Cassman Grant

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SETH BLACKWELL and | § | |
| BRENNAN SHORT, | § | |
| | § | |
| *Plaintiffs,* | § | C.A. NO. 4:19-cv-02311 |
| v. | § | |
| | § | |
| LILIS ENERGY, INC., | § | |
| | § | |
| *Defendant.* | § | |

## CONFIDENTIALITY AGREEMENT REGARDING
## THE HANDLING OF "CONFIDENTIAL" INFORMATION

I hereby acknowledge that information and documentation is to be made available to me which has been designated as "Confidential" and that such information and documentation is provided to me subject to the terms of the Parties' Protective Order, solely for the purposes of providing service to counsel of record in the above-styled and numbered cause before the United States District Court for the Southern District of Texas, Houston Division (the "Court"). I have been provided with a copy of the Protective Order and have read the Protective Order. I understand that I am bound by its provisions and I agree to comply with its terms.

I understand that I am prohibited by order of the Court from utilizing any "Confidential" information or documentation for any purpose other than that stated above, and from disseminating such information or documentation to any individual who is not equally bound with respect to the use thereof. I understand that any "Confidential" information which I receive or which is otherwise in my possession is to remain in my personal custody until such information is no longer needed for the prosecution or defense of such case, whereupon it is to be returned to counsel who provided me with said material.

_____       _____       _____
Printed Name                              Date                       Signature