IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SETH BLACKWELL and<br>BRENNAN SHORT, | §<br>§<br>§ | |
| *Plaintiffs,* | § | C.A. NO. 4:19-cv-02311 |
| v. | §<br>§ | |
| LILIS ENERGY, INC., | §<br>§ | |
| *Defendant.* | § | |

**DEFENDANT'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Lilis Energy, Inc. ("Defendant") respectfully files this Answer to Plaintiffs Seth Blackwell's ("Blackwell") and Brennan Short's ("Short") (collectively, "Plaintiffs") First Amended Complaint (the "Complaint") as follows:

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not nearly and specifically admitted herein.

**I.  PARTIES**

1.1  Upon information and belief, Defendant admits the allegations contained in Paragraph 1.1 of the Complaint.

1.2  Upon information and belief, Defendant admits the allegations contained in Paragraph 1.2 of the Complaint.

1.3  Answering Paragraph 1.3 of the Complaint, Defendant admits that it is a Nevada corporation authorized to conduct business in the state of Texas and its headquarters

are currently located in Harris County, Texas. Defendant further admits that it waived service (Dkt. 6) and filed an Original Answer (Dkt. 8). Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 1.3 of the Complaint.

## II.   VENUE

2.1   Answering Paragraph 2.1 of the Complaint, Defendant admits that venue is proper in this Court and that its corporate headquarters is currently in this district and division. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 2.1 of the Complaint.

## III.   JURISDICTION

3.1   Answering Paragraph 3.1 of the Complaint, Defendant acknowledges that Plaintiffs purport to bring this case pursuant to the Sarbanes-Oxley Act of 2002, as amended ("SOX"), the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq., and the Consolidated Omnibus Budget Recovery Act ("COBRA"), 29 U.S.C. § 1131, et. seq., 29 U.S.C. § 1161, et. seq., 29 C.F.R. 2590, et. seq., and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; however, Defendant denies that it violated SOX, ERISA or COBRA, or that Plaintiffs are entitled to any relief as a result of any alleged violations. Defendant denies the remaining allegations, express or implied, contained in Paragraph 3.1 of the Complaint.

## IV.   STATEMENT OF CAUSES OF ACTION

4.1   Defendant admits the allegation contained in Paragraph 4.1 of the Complaint.

4.2   Answering Paragraph 4.2 of the Complaint, Defendant admits that on December 1, 2016, it hired Blackwell as its Executive Vice President of Land and Business

Development. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 4.2 of the Complaint.

4.3 Answering Paragraph 4.3 of the Complaint, Defendant admits that on January 27, 2017, Short became employed with Defendant as its Chief Operating Officer. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 4.3 of the Complaint.

4.4 Answering Paragraph 4.4 of the Complaint, Defendant admits that on or around December 18, 2017, Plaintiffs attended a monthly Executive Committee meeting in which Defendant's 2018 budget and financial projections were among the general topics discussed. Defendant further admits that Ariella Fuchs, Jim Linville, Joseph Daches, and Ronald Ormand also attended the December 18, 2017 Executive Committee meeting. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 4.4 of the Complaint.

4.5 Defendant denies the allegations contained in Paragraph 4.5 of the Complaint.

4.6 Defendant denies the allegations contained in Paragraph 4.6 of the Complaint.

4.7 Answering Paragraph 4.7 of the Complaint, Defendant admits that on January 9, 2018, its Board of Directors approved the Company's 2018 capital expenditure budget. Defendant further admits that on February 22, 2018, Short submitted a Management Representation and Sub-Certification Package in support of Defendant's 10-K and Proxy Statement for the year ending December 31, 2017 ("Short's 10-K Questionnaire"). Defendant further admits that Paragraph 4.7 refers to the contents of Short's 10-K Questionnaire and refers the Court to Short's 10-K Questionnaire for its complete contents.

Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 4.7 of the Complaint.

4.8  Answering Paragraph 4.8 of the Complaint, Defendant admits that on February 22, 2018, Blackwell submitted a Management Representation and Sub-Certification Package in support of Defendant's 10-K and Proxy Statement for the year ending December 31, 2017 ("Blackwell's 10-K Questionnaire"). Defendant further admits that Paragraph 4.8 refers to the contents of Blackwell's 10-K Questionnaire and respectfully refers the Court to Blackwell's 10-K Questionnaire for its complete contents. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 4.8 of the Complaint.

4.9  Defendant admits that on or around February 23, 2018, Blackwell and Ormand had a meeting during which they discussed Blackwell's 10-K Questionnaire. Defendant denies the remaining factual allegations, express or denied, contained in Paragraph 4.9 of the Complaint.

4.10  Answering Paragraph 4.10 of the Complaint, Defendant admits that on or around February 28, 2018, Short spoke with Peter Benz and General Merrill McPeak, members of Defendant's Board of Directors, regarding the production type curves that were used in the operational updates and production estimates. Defendant denies the remaining allegations, express or implied, contained in Paragraph 4.10 of the Complaint and expressly denies that Short's statements during this conversation constituted protected activity under SOX.

4.11 Defendant admits that on March 6, 2018, Short was terminated for Cause, as defined in his Executive Employment Agreement. Defendant further admits that during Short's employment with Defendant, Short, his wife, and his four children were participants in the health plan sponsored by Defendant. Defendant further admits that on or about March 19, 2018, notice was sent by its third-party plan administrator to: "Brennan D. Short and Covered Dependents" at 7535 Fair Oaks Pkwy, Boerne, TX 78015-4554, his last known address. Defendant admits that, on or around May 23, 2018, it received a letter from Short's counsel alleging, in part, that Short failed to receive a compliant COBRA notice. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 4.11 of the Complaint and specifically denies that it was the plan administrator or that it was otherwise obligated to send a COBRA notice to Short following his termination. Moreover, Defendant denies that it violated 29 U.S.C. § 1166 or 29 C.F.R. § 2590.606, or any other applicable COBRA regulation or provision, or is otherwise subject to any claims or statutory penalties under 29 U.S.C. § 1132.

4.12 Defendant admits that on April 3, 2018, Blackwell's employment was terminated for Cause, as defined in his Executive Employment Agreement. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 4.12 of the Complaint.

### V. VIOLATION OF THE SARBANES-OXLEY ACT OF 2002

**A. Short's Claims**

5.1 The allegations contained in Paragraph 5.1 contain statements of legal argument and conclusion to which no answer is required. To the extent an answer is required,

5

Defendant incorporates and reasserts its answers and denials to each and every allegation recited by Plaintiffs in Paragraphs 1 through 4.12 above, and further acknowledges that Short purports to bring a claim of retaliation pursuant to SOX but denies that Short engaged in any conduct or actions that would constitute protected activity under SOX or that it unlawfully retaliated against Short in violation of SOX. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 5.1 of the Complaint.

    5.2    The allegations contained in Paragraph 5.2 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies that Short has suffered any damages or is entitled to any relief or to recover any damages. Defendant denies the remaining factual allegations, express and implied, contained in Paragraph 5.2 of the Complaint.

    5.3    Answering Paragraph 5.3 of the Complaint, Defendant admits that Blackwell is requesting reinstatement, if it is feasible, but denies that reinstatement is feasible or that Blackwell is entitled to reinstatement as a form of relief. Defendant denies the remaining factual allegations, express and implied, contained in Paragraph 5.3 of the Complaint.

**B.    Blackwell's Claims**

    5.4    The allegations contained in Paragraph 5.4 contain statements of legal argument and conclusion to which no answer is required. To the extent an answer is required, Defendant incorporates and reasserts its answers and denials to each and every allegation recited by Plaintiffs in Paragraphs 1 through 5.3 above, and further acknowledges that Blackwell purports to bring a claim of retaliation pursuant to SOX but denies that Blackwell engaged in any conduct or actions that would constitute protected activity under SOX or that

it unlawfully retaliated against Blackwell in violation of SOX. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 5.4 of the Complaint.

5.5 The allegations contained in Paragraph 5.5 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies that Blackwell has suffered any damages or is entitled to any relief or to recover any damages. Defendant denies the remaining factual allegations, express and implied, contained in Paragraph 5.5 of the Complaint.

5.6 Answering Paragraph 5.6 of the Complaint, Defendant admits that Blackwell is requesting reinstatement, if it is feasible, but denies that reinstatement is feasible or that Blackwell is entitled to reinstatement as a form of relief. Defendant denies the remaining factual allegations, express and implied, contained in Paragraph 5.6 of the Complaint.

## VI. SHORT'S COBRA CLAIM

6.1 The allegations contained in Paragraph 6.1 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant admits that it sponsors a group health plan within the meaning of 29 U.S.C. §1167(1). Defendant denies the remaining factual allegation, express or implied, contained in Paragraph 6.1 of the Complaint.

6.2 The allegations contained in Paragraph 6.2 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant admits that it sponsors a group health plan within the meaning of 29 U.S.C. §1167(1). Defendant denies the remaining factual allegation, express or

implied, contained in Paragraph 6.2 of the Complaint and specifically denies that it violated 29 U.S.C. § 1166 or 29 C.F.R. § 2590.606, or any other applicable COBRA regulation or provision, or is otherwise subject to any claims or statutory penalties under 29 U.S.C. § 1132.

6.3     The allegations contained in Paragraph 6.3 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the factual allegation, express or implied, contained in Paragraph 6.3 of the Complaint and specifically denies that it violated 29 U.S.C. § 1166 or 29 C.F.R. § 2590.606, or any other applicable COBRA regulation or provision, or is otherwise subject to any claims or statutory penalties under 29 U.S.C. § 1132.

6.4     Answering Paragraph 6.4 of the Complaint, Defendant admits that on or about March 19, 2018, notice was sent by its third-party plan administrator to: "Brennan D. Short and Covered Dependents" at his last known address of record, 7535 Fair Oaks Pkwy, Boerne, TX 78015-4554. Defendant specifically denies that it was the plan administrator or that it was otherwise obligated to send a COBRA notice to Short following his termination. Moreover, Defendant denies that it violated 29 U.S.C. § 1166 or 29 C.F.R. § 2590.606, or any other applicable COBRA regulation or provision, or is otherwise subject to any claims or statutory penalties under 29 U.S.C. § 1132. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 6.4 of the Complaint.

6.5     The allegations contained in Paragraph 6.5 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies that it was the plan administrator or that it was otherwise obligated to send a COBRA notice to Short following his termination pursuant to

29 U.S.C. § 1166 or 29 C.F.R. § 2590.606. Defendant further denies that the notice sent to Short by the third-party plan administrator was not in compliance with COBRA, violated 29 U.S.C. § 1166 and 29 C.F.R. § 2590.60 or was otherwise inaccurate or non-compliant with any applicable statute. Defendant denies the remaining factual allegations, express and implied, contained in Paragraph 6.5 of the Complaint.

6.6     Answering Paragraph 6.6 of the Complaint, Defendant acknowledges that Short seeks the relief requested therein; however, Defendant denies that it violated 29 U.S.C. § 1166 or 29 C.F.R. § 2590.606, or any other applicable COBRA regulation or provision, or is otherwise subject to any claims or statutory penalties under 29 U.S.C. § 1132. Defendant further denies that Short has suffered any damages or is entitled to any of the relief sought in Paragraph 6.6 of the Complaint.

## VII.   ATTORNEYS' FEES

7.1     Answering Paragraph 7.1 of the Complaint, Defendant admits that Plaintiffs retained counsel to present and prosecute their claims in this matter and acknowledges that Plaintiffs seek to recover their attorneys' fees but denies that Plaintiffs are entitled to recover their attorneys' fees.

## VIII.   ADMINISTRATIVE PREREQUISITES

8.1     The allegations contained in Paragraph 8.1 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant admits that on August 29, 2018, Short filed a SOX Whistleblower complaint with the United States Department of Labor – Occupational Safety and Health Administration asserting a claim of retaliation pursuant to SOX. Defendant

further admits that Blackwell filed a SOX Whistleblower complaint with the United States Department of Labor – Occupational Safety and Health Administration on September 21, 2018, asserting a claim of retaliation pursuant to SOX. Defendant denies that either Short or Blackwell engaged in any conduct or actions that would constitute protected activity under SOX or that it unlawfully retaliated against Plaintiffs in violation of SOX. Defendant denies the remaining factual allegations, express or implied, contained in Paragraph 8.1 of the Complaint.

        8.2    Defendant admits the allegations contained in Paragraph 8.2 of the Complaint.

        8.3    Defendant admits the allegations contained in Paragraph 8.3 of the Complaint.

        8.4    The allegations contained in Paragraph 8.4 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant admits the allegations contained in Paragraph 8.4 of the Complaint.

        8.5    The allegations contained in Paragraph 8.5 of the Complaint contain statements of law and legal conclusion to which no answer is required. To the extent an answer is required, Defendant admits the allegations contained in Paragraph 8.5 of the Complaint.

## IX.   JURY DEMAND

        9.1    In response to Paragraph 9.1 of the Complaint, Defendant admits that Plaintiffs have requested a trial by jury.

## PRAYER

Defendant acknowledges that Plaintiffs seek judgment against Defendant in the Prayer of the Complaint and seeks the relief requested therein; however, Defendant denies

that it has violated SOX, ERISA, or COBRA and denies that Plaintiffs have suffered any damages or are entitled to any of the relief sought in the Prayer of the Complaint.

## **DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES**

Without conceding that they bear the burden of proof as to any issue, Defendant asserts the following defenses and affirmative defenses to Plaintiffs' Complaint:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3. All claims for relief that exceed the scope of Plaintiffs' initial administrative complaint are barred due to Plaintiffs' failure to exhaust their administrative remedies. Moreover, any claims arising out of events that occurred more than 180 days prior to the filing of Plaintiffs' initial administrative complaint are barred.

4. Plaintiffs failed to allege any violation of any of the six enumerated statutes under the Sarbanes-Oxley Act; therefore, Plaintiffs' conduct did not constitute protected activity under the Act.

5. Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances available and known to it at the time that it so acted; accordingly, Plaintiffs are barred from recovery in this action.

6. The conduct about which Plaintiffs complain was not motivated by Plaintiffs' alleged protected activity, nor by malice or a reckless disregard to any protected rights of Plaintiffs. To the contrary, all actions taken by Defendant concerning Plaintiffs were for

11

legitimate, non-retaliatory business reasons and were not intentionally devised or operated to contravene the provisions of any law.

7. Defendant asserts that it would have taken the same action in absence of any impermissible, retaliatory motive or factor.

8. To the extent Plaintiffs' claims are barred by laches, waiver, and/or estoppel, Defendant asserts that defense.

9. To the extent Plaintiffs have failed to mitigate their damages, Defendant asserts failure to mitigate as an affirmative defense.

10. Plaintiffs' alleged injuries or losses, if any, were not caused by Defendant, but were the result of Plaintiffs' own actions or the actions of third parties beyond Defendant's control.

11. To the extent that the doctrine of after-acquired evidence is applicable, Defendant asserts that Plaintiffs' damages, if any, must be reduced pursuant to that doctrine.

12. Plaintiffs' damages are speculative, uncertain, and hypothetical.

13. Defendant asserts the defense of election of remedies.

14. Any award of punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, as well as the guarantees contained in the Sixth and Eighth Amendments thereto.

15. Any and all damages claimed by Plaintiffs, whether actual, compensatory, punitive, liquidated, attorneys' fees, or otherwise are subject to all applicable statutory exclusions and limitations.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to join an indispensable party.

17. The Complaint fails, in whole or in part, because Defendant complied with all relevant and applicable statutes and regulations, including ERISA, COBRA, and the regulations promulgated thereunder.

18. The Complaint fails, in whole or in part, because Defendant's actions were taken in good faith, in reliance upon information provided by others, and with a reasonable belief that such actions were legal, appropriate and necessary. The conduct alleged to be in violation of statute, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite Defendant's reasonable and appropriate efforts to avoid any such violation.

19. The Complaint fails, in whole or in part, because Defendant is not a plan administrator, as defined by 29 U.S.C. § 1002(16)(A); therefore, Defendant cannot be held liable under 29 U.S.C. § 1132(c).

20. The Complaint fails, in whole or in part, because Defendant terminated Short for cause, and Short's pre-termination conduct constitutes "gross misconduct" under 29 U.S.C. § 1163(2); therefore, there was no "qualifying event" entitling Short to COBRA benefits or a COBRA notice following the termination of his employment.

21. The Complaint fails, in whole or in part, because the notice at issue satisfies the requirements of ERISA and/or COBRA.

22. The Complaint fails, in whole or in part, because Short failed to tender a COBRA premium payment.

13

23. Any actual damages awarded for Short's COBRA claim, if any, must be offset by amounts in premiums and deductibles he would have had to pay under the applicable COBRA insurance.

24. Defendant hereby gives notice that it may rely upon other applicable affirmative defenses of which it may become aware during discovery in this case and hereby reserves the right to amend this answer to assert any such defenses.

## PRAYER

WHEREFORE, Defendant respectfully requests that Plaintiffs take nothing, that Plaintiffs' claims be dismissed with prejudice, and that this Court award all other and further relief, both general and special, legal and equitable, to which Defendant is justly entitled.

Dated: **January 21, 2020**

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ Ashlee Cassman Grant
Dennis P. Duffy, *attorney in charge*
Texas Bar No. 06168900
Federal Bar No. 10502
Ashlee Cassman Grant, *of counsel*
Texas Bar No. 24082791
Federal Bar No. 1607786
811 Main Street, Suite 1100
Houston, Texas 77002-4995
Telephone: (713) 646-1364
Facsimile: (713) 751-1717
dpduffy@bakerlaw.com
agrant@bakerlaw.com

**ATTORNEYS FOR DEFENDANT, LILIS ENERGY, INC.**

## **CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to the following:

> G. Scott Fiddler
> Courtney Carlson
> Jackson Walker LLP
> 1401 McKinney Street, Suite 1900
> Houston, Texas 77010

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant
